T.C. Memo. 2009-56

UNITED STATES TAX COURT

MARTIN WADE GORDON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28271-07.                    Filed March 16, 2009.

Martin Wade Gordon, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $5,709 in petitioner's Federal income tax for 2006.  The issues for decision are whether petitioner may claim dependency exemptions for two minors who were not relatives and whether he is entitled to head of household filing status, an earned income tax credit, and an additional child tax credit.  Unless otherwise indicated,

all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in North Carolina at the time that he filed his petition.

For 7 months during 2006, petitioner provided a home for two children whose family had lost their home. Petitioner was not related to either of the children but was a friend of their parents.

On his Federal income tax return for 2006, petitioner reported total income of $15,109. Petitioner claimed dependency exemptions for the two minors. He reported head of household filing status and claimed an earned income credit of $4,470 and a child tax credit of $571.

Respondent determined that petitioner was not entitled to the dependency exemptions, changed his filing status to single, and denied him the earned income credit and the child tax credit.

One of the children filed a Federal income tax return for herself for 2006, reported income of $4,545, and claimed a personal exemption.

OPINION

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must be a child, brother, sister, stepbrother, stepsister, or a descendant of such relatives, of the taxpayer. Sec. 152(c). A qualifying relative, however, may be an individual who, for the year in issue, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household, and for whom the taxpayer provides over one-half of the support. Sec. 152(d).

Section 1(b) establishes a special income tax rate for individuals filing as head of a household. Section 2(b) provides the requirements for head of household filing status. In order to qualify as head of a household, petitioner must have been unmarried at the end of 2006 and maintained a household that was the principal place of abode of at least one dependent for more than one-half of the taxable year. Sec. 2(b)(1). A taxpayer is considered as maintaining a household in a given year only if the taxpayer furnishes over one-half of the cost of maintaining the household during that year. Id.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability.

Section 32(a)(2) limits the credit allowed through a phaseout, and section 32(b) prescribes different percentages and amounts used to calculate the credit.  The limitation amount is based on the taxpayer's earned income and whether the taxpayer has any qualifying children.  Sec. 32(b).  To be eligible to claim a higher earned income credit with respect to a child, the taxpayer must establish that the child meets the definition of "qualifying child" under section 152(c).  Sec. 32(c)(3)(A).  Additionally, section 24(a) allows a child tax credit with respect to a "qualifying child" of the taxpayer described in section 152(c).

Petitioner acknowledged at trial that he did not satisfy the statutory requirements for the exemptions and credits in issue, all of which were described in detail in respondent's pretrial memorandum.  Petitioner did not dispute any facts or legal principles asserted by respondent, and he did not provide any evidence of amounts expended by him or by others for support of the children or maintenance of the household in 2006.  He refused to concede this case, however, because he believes that the result is "unfair".

Petitioner should have the satisfaction of helping out friends in time of need.  He is not, however, entitled to the tax benefits that he claimed, because he has not satisfied the statutory requirements.

To reflect the foregoing,

Decision will be entered

for respondent.